■ GOSHEN LITHO, INC., Appellant, v. INTERSTATE MAGAZINE DISTRIBUTORS, INC., et al., Respondents.— Order, Supreme Court, New York County, entered on June 15, 1973, reversed, on the law, and summary judgment granted to plaintiff. Defendants' counterclaim is severed. Appellant shall recover of respondents $60 costs and disbursements of this appeal. Plaintiff sues on seven trade acceptances. The acceptances were given for merchandise (textbooks) delivered. Execution of the acceptances and receipt of the goods is admitted. It is claimed that deliveries were late, but it is admitted that the acceptances were executed following each delivery. This is sought to be explained by alleging that execution was coerced. The coercion alleged is that plaintiff stated that if the shipments were not paid for as made, no further shipments would be made. No contract to the contrary is asserted. No viable defense being pleaded, the motion should be granted. Concur — Nunez, Murphy, Steuer and Tilzer, JJ.; McGivern, J. P., dissents in the following memorandum: Special Term was correct in exercising caution when it denied this motion for summary judgment. In many instances, these trade acceptances had already been stopped by the defendant corporation, and this was known to the plaintiff when it persisted in sending the shipments forward, even though the defendant had objected to late deliveries, which were causing great losses to the defendant. These facts have been averred by the defendant in its counterclaims, affirmative defenses and set-offs, which, in the sum of about $300,000, far exceed the claims of the complaint. This alone might well stay the granting of summary judgment. (6 Carmody-Wait 2d, New York Practice, § 39:36.) But, beyond this, the plaintiff has not controverted the fact of late deliveries, asserted by the defendant corporation, the latter claiming " irreparable damages ". And, in my view, the plaintiff has not met the burden of establishing consideration, which it had to do in the face of the factual matters asserted in opposition to plaintiff's motion, which are set forth as affirmative defenses constituting a want or failure of consideration, precluding summary recovery. (See Uniform Commercial Code, § 3-408; *Mansion Carpets* v. *Marinoff,* 24 A D 2d 947; *Hilton* v. *Correa,* 193 N. Y. S. 2d 543.) Lastly, be it noted that it is axiomatic: if there be any real doubt as to the existence of an issue, there can be no doubt summary judgment must be denied. (*Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395, 404; *Falk* v. *Goodman,* 7 N Y 2d 87, 91; *Stone* v. *Goodson,* 8 N Y 2d 8, 12; *Glick & Dolleck* v. *Tri-Pac Export Corp.,* 22 N Y 2d 439.)